**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Phone: (805) 322-3412
Fax:    (805) 322-3413

**BOREN, OSHER & LUFTMAN**
Stephen Z. Boren (SBN 192024)
Email: sboren@bollaw.com
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles CA 90036
Tel: (323) 937-9900
Fax: (323) 937-9910

Attorneys for Plaintiffs, the Classes,
and Aggrieved Employees



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MARLYS JEAN TACKER and JENNY GONZALEZ as individuals and on behalf of all others similarly situated,

                        Plaintiffs,

        vs.

COMPASS HEALTH, INC., a California Corporation; and DOES 1 through 10,

                        Defendants

CASE NO. CV13-02261 BRK (JCGx)

**CLASS, COLLECTIVE AND REPRESENTATIVE ACTION COMPLAINT:**

(1) **FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**

(2) **FAIR LABOR STANDARDS ACT, (29 U.S.C. § 201 et seq.)**

(3) **REST PERIOD VIOLATIONS (LABOR CODE § 226.7, 516, 558);**

(4) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558);**

(5) **WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 et sea.);**



(6) **WAITING TIME PENALTIES (LABOR CODE §§ 201 – 203);**

(7) **FAILURE TO MAINTAIN ACCURATE RECORDS (LABOR CODE §§ 1174, 1174.5);**

(8) **UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**

(9) **FAILURE TO REIMBURSE EMPLOYEES FOR NECESSARY EXPENDITURES (LABOR CODE § 2802);**

(10) **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*)**

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

Plaintiffs Marlys Jean Tacker and Jenny Gonzalez ("Plaintiffs") on behalf of themselves and all others similarly situated, hereby bring this Class, Collective and Representative Action Complaint against Defendant Compass Health, Inc., and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief, allege as follows:

## JURISDICTION

1.     Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this class, collective, and representative action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq.*, Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, 2802, and Industrial Welfare Commission Wage Order No. 5 ("IWC Wage Order"), in addition to seeking injunctive relief, declaratory relief, and restitution.

2

2.      This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law.  This Court has jurisdiction over Defendants' violations of the Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and the applicable IWC Wage Orders, because these claims derive from the same common nucleus of operative facts as the FLSA claim.

## VENUE

3.      Venue is proper under 28 U.S.C. 1391 because Defendants do business in San Luis Obispo and Santa Barbara Counties and the acts alleged herein took place in San Luis Obispo and Santa Barbara Counties.  Further, Plaintiffs do now, and at all times relevant herein did, reside in San Luis Obispo County and were employed by Defendants within San Luis Obispo County. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiffs within the Central District of California.

## PARTIES

4.      Plaintiffs are individuals over the age of eighteen (18).  At all relevant times herein, Plaintiffs were and currently are, California residents, residing in the county of San Luis Obispo.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by Defendants as hourly non-exempt employees.  Plaintiff were, and are, victims of Defendants' policies and/or practices complained, lost money and/or property, and have been deprived of the rights guaranteed to them by the FLSA, California Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, 2802, California Business and

Class, Collective and Representative Action Complaint

Professions Code § 17200 *et seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 5-2001 (hereafter "Wage Order 5-2001"), which sets employment standards for the public housekeeping industry.

5. Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating several skilled nursing and assisted living facilities in San Luis Obispo and Santa Barbara Counties, California and the United States, and employed Plaintiffs and other, similarly-situated hourly non-exempt employees within San Luis Obispo and Santa Barbara Counties and, therefore, were (and are) doing business in San Luis Obispo and Santa Barbara Counties and the State of California.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant Compass Health, Inc. is a California corporation licensed to do business in California and the Counties of San Luis Obispo and Santa Barbara, and is or was the employer of Plaintiffs and the Classes (as defined in Paragraph 18).

7. Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names. Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiffs are informed, and believe, and thereon allege, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

Class, Collective and Representative Action Complaint

8.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all Class Members.

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiffs were employed by Defendants as non-exempt employees at several skilled nursing and assisted living facilities in California, from approximately March 1999 to February 2013.

11.     During Plaintiffs' employment with Defendants, they received various forms of non-discretionary incentive pay, such as safety bonuses, gift cards, "Compass bucks," and "Holiday" bonuses which functioned as attendance bonuses, and/or other forms of pay which are not excludable under California Law and the FLSA when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

12.     Despite Defendants' payment of Incentive Pay to Plaintiffs, Defendants failed to include all forms of Incentive Pay when calculating Plaintiffs' regular rate of pay, thereby causing Plaintiffs to be underpaid all of their required overtime wages.   Rather, Plaintiffs were only paid one and a half

Class, Collective and Representative Action Complaint

times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

13.    In addition to failing to correctly pay Plaintiffs for overtime work performed, Defendants also failed to provide Plaintiffs with all rest breaks to which they were entitled, as Defendants maintain an unlawful rest break policy which states, "two ten-minute breaks will be given for each full 8-hour workday," as opposed to providing one ten-minute rest period for shifts exceeding three and one-half hours in length, and "ten (10) minutes net rest time per four (4) hours, or major fraction thereof," as required by IWC Wage Order No. 5, § 12.   As a result of Defendants' unlawful policy, Plaintiffs were not provided with all rest periods to which they were legally entitled.

14.    Moreover, Defendants also failed to provide Plaintiffs with all meal periods to which they were entitled, as Defendants maintain an unlawful meal period policy which only provides one meal period each work day and other policies that deprived Plaintiffs from taking a meal period free from employer control.  Plaintiffs and other non-exempt employees also sometimes worked in excess of 10 hours and/or 15 hours per work day and accordingly had a right to take a second and third meal period each work day under California law, but were not provided with said meal periods.

15.    Despite Defendants' failure to provide Plaintiffs with all rest and meal periods to which they were legally entitled due to their uniform and unlawful policies, Defendants never provided Plaintiffs with an hour of pay at their respective regular rates of pay as required by Labor Code § 226.7 for all of the rest and meal period violations.

Class, Collective and Representative Action Complaint

16. As a result of Defendants' failure to pay overtime pay at the correct rate, and failure to pay rest and meal period premium pay, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiffs.

17. Defendants also required Plaintiffs to purchase work scrubs without reimbursement and deducted wages from Plaintiffs' paychecks for mandatory fingerprinting fees.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

18. Class Definition: Plaintiffs brings this action on behalf of themselves and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a. The California Overtime Class consists of all Defendants' current and former hourly non-exempt employees in California who received Incentive Pay and worked overtime hours in a corresponding time period, during the four years immediately preceding the filing of the Complaint through the present.

b. The FLSA Overtime Class consists of all Defendants' current and former hourly non-exempt employees throughout the United States, who received Incentive Pay and worked overtime hours in a corresponding time period, during the three years immediately preceding the filing of the Complaint through the present.

c. The Rest Period Class consists of all Defendants' current and former hourly non-exempt employees in California who worked shifts: (1) greater than three and one-half hours but less than four hours; and/or (2) greater than six hours but less than eight hours in length; and/or (3) greater than ten hours but less than twelve hours in length in a workday, during the four years immediately preceding the filing of the Complaint through the present.

d. The Meal Period Class consists of all Defendants' current and former hourly non-exempt employees in California who worked in excess of ten and/or

fifteen hours in a work day and were not provided with a second and/or third meal period, during the four years immediately preceding the filing of the Complaint through the present.

     e.     The Record Keeping Class consists of all Defendants' current and former hourly non-exempt employees in California during the one year immediately preceding the filing of the Complaint through the present for whom Defendants failed to maintain accurate records reflecting the correct overtime rates, gross and net wages, and rest and meal period premium pay, due to Defendants' failure: (1) to include all forms of Incentive Pay in the regular rate for members of the California Overtime Class; and/or (2) to pay rest period premium pay to members of the Rest Period Class who were deprived of rest periods for work shifts greater than three and one-half hours but less than four hours, and/or greater than six hours but less than eight hours in length, and/or greater than ten hours but less than twelve hours in length in a workday; and/or (3) to pay meal period premium pay to members of the Meal Period Class who were not provided with a second and/or third meal period for work shifts greater than ten and/or fifteen hours in length in a workday.

     f.     The Wage Statement Class consists of: (1) members of the California Overtime Class, for whom Defendants' failed to include all forms of Incentive Pay in the regular rate which resulted in the underpayment of overtime wages; and/or (2) members of the Rest Period Class who were deprived of rest periods for work shifts greater than three and one-half hours but less than four hours, and/or greater than six hours but less than eight hours in length, and/or greater than ten hours but less than twelve hours in a workday; and/or (3) members of the Meal Period Class who were not provided with a second and/or third meal period for work shifts greater than ten and/or fifteen hours in length in a workday; and/or (4) Defendants' current and former hourly non-exempt employees in California

Class, Collective and Representative Action Complaint

1   who received wage statements that did not contain all items required by Labor

2   Code section 226(a), during the one year immediately preceding the filing of the

3   Complaint through the present.

4       g.      The Employee Expense Class consists of all Defendants' current and

5   former hourly non-exempt employees in California who purchased work scrubs,

6   and/or who were charged a fingerprinting deduction without reimbursement

7   during the four years immediately preceding the filing of the original Complaint

8   through the present.

9       h.      The Waiting Time Penalty Class consists of Defendants' formerly

10  employed members of the: (1) California Overtime Class, for whom Defendants

11  failed to include all forms of Incentive Pay in the regular rate which resulted in the

12  underpayment of overtime wages; and/or (2) members of the Rest Period Class

13  who were deprived of rest periods for work shifts greater than three and one-half

14  hours but less than four hours, and/or greater than six hours but less than eight

15  hours in length, and/or greater than ten hours but less than twelve hours in length

16  in a work day; and/or (3) members of the Meal Period Class who were deprived of

17  meal periods for work shifts greater than ten and/or fifteen hours in length in a

18  work day; and/or (4) members of the Employee Expense Class who had

19  deductions taken from their wages for fingerprinting fees.

20      19.     Plaintiffs are further informed and believe that Defendants and

21  members of the California Overtime Classes failed to enter into an agreement or

22  understanding for a work period of fourteen (14) consecutive days in lieu of a

23  workweek of seven (7) consecutive days for purposes of overtime computation

24  pursuant to IWC Wage Order No. 5-2001, § 3(D).

25      20.     **Numerosity/Ascertainability:**  The members of the Classes are so

26  numerous that joinder of all members would be unfeasible and not practicable.

27  The membership of the classes and subclasses are unknown to Plaintiffs, at this

28

time; however, it is estimated that the Classes number greater than two-hundred (200) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

21.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.    Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§510 and1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.    Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.    Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Class violated California law and/or the FLSA;

iv.    Whether Defendants failed to keep legally compliant records for the members of the Wage Statement Class pursuant to Labor Code 226;

v.    Whether Defendants failed to maintain accurate records for members of the Record Keeping Class;

vi.    Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful;

vii.    Whether Defendants and members of the California Overtime Class entered into an agreement or understanding for a work period of fourteen (14) consecutive days in lieu of a workweek of seven (7) consecutive days for purposes of overtime computation, as required by IWC Wage Order No. 5-2001, § 3(D);

viii.   Whether Defendants' rest break policy is unlawful, thereby depriving members of the Rest Period Class of all rest breaks to which they are entitled as a matter of law.

vix.   Whether Defendants' meal period policy is unlawful, thereby depriving members of the Meal Period Class of all meal periods to which they are entitled as a matter of law.

22.   **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating overtime payments for the members of the California and FLSA Overtime Classes, their uniform implementation of an unlawful rest period policy that fails to give effect to the "major fraction" language of the IWC Wage Order, and their uniform meal period that failed to provide a second and/or third meal period for shifts worked in excess of ten and/or fifteen hours.  As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

23.   **Typicality:**  The claims of Plaintiffs are typical of the claims of the Classes because Plaintiffs were employed by Defendants as hourly non-exempt employees in California and the United States during the statutes of limitation applicable to each cause of action pled in the Complaint in this action.  As alleged herein, Plaintiffs, like the members of the Classes, were deprived of all overtime wages, were not provided with all meal and rest periods, were furnished with inaccurate and incomplete wage statements, were not reimbursed for the purchase of scrubs, and were not paid all wages owed at the time of their termination.

Class, Collective and Representative Action Complaint

24.   **Adequacy of Representation:**  Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.  Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiffs.  Plaintiffs' attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

25.   **Superiority:**  The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States.  These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual class members, even if possible,

Class, Collective and Representative Action Complaint

would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

26.     As such, the Rule 23 Classes identified in Paragraph 18 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

## FIRST CLAIM

### FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

27.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as though fully set forth herein.

28.     This cause of action is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

29.     Plaintiffs and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate. At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiffs and members of the Overtime Class, for

13

Class, Collective and Representative Action Complaint

all overtime hours worked pursuant to California Labor Code § 1194 and IWC
Wage Order No. 5-2001.  Wage Order 5-2001, § 3 requires an employer to pay an
employee "one and one-half (1½) times the employee's regular rate of pay" for
work in excess of 8 hours per work day and/or in excess of 40 hours of work in
the workweek.  Wage Order 5-2001, § 3 also requires an employer to pay an
employee double the employee's regular rate of pay for work in excess of 12
hours each work day and/or for work in excess of 8 hours on the seventh
consecutive day of work in the workweek.

30.   Plaintiffs are informed and believe, and based thereon allege that,
Defendants regularly and systematically, as a policy and practice, miscalculated
the overtime rate of pay by failing to properly include the various forms of
Incentive Pay paid to Plaintiffs and members of the California Overtime Class,
which are not statutory exclusions when calculating an employee's regular rate of
pay.  Rather, Plaintiffs and members of the California Overtime Class were only
paid one and a half times their base rate, which was not equal to the regular rate,
as Defendants failed to include the various forms of Incentive Pay earned during
corresponding periods that were required to be included in the regular rate, but
were not.  Accordingly, Plaintiffs and members of the California Overtime Class
were not compensated at the appropriate rates of overtime pay for all hours
worked.

31.   Defendants' policy and practice of requiring overtime work and not
paying at the proper overtime rates for said work violates California Labor Code
§§ 204, 210, 216, 510, 558, 1194, and 1198, and IWC Wage Order 5-2001.

32.   Plaintiffs are informed and believe and thereon allege that the job
duties and responsibilities of the California Overtime Class are irrelevant because
Plaintiffs and all others similarly situated merely allege wrongdoing with

Defendants' pay policies and practices as to calculating the applicable overtime rates of pay for overtime worked by members of the California Overtime Class.

33.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiffs and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

## SECOND CLAIM

## FLSA VIOLATIONS

## (AGAINST ALL DEFENDANTS)

34.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

35.     This cause of action is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in exceed of 40 per workweek.

36.     Plaintiffs and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, and earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.

37.     Plaintiffs are informed and believe, and based thereon allege that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiffs and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiffs and members of the FLSA Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as

Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Accordingly, Plaintiffs and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

38.   Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

39.   Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

40.   Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiffs and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiffs and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

### THIRD CLAIM

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

41.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40 as though fully set forth herein.

42.   Wage Order 5-2001, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

43.   Plaintiffs are informed and believe that Defendants maintained an unlawful, class-wide rest period policy, which only provided Plaintiffs and members of the Rest Period Class with two ten-minute rest periods for "each full

8-hour workday," as opposed to providing a ten-minute rest period for work shifts greater than 3.5 hours but less than 4 hours in length and "ten (10) minutes net rest time per four (4) hours, or major fraction thereof" as required by IWC Wage Order No. 5, § 12.

44.    As a result of Defendants' unlawful, class-wide rest period policy that failed to provide all required rest periods as it fails to give effect to the "major fraction" language of the Wage Order, Plaintiffs and members of the Rest Period Class were not provided with all rest periods to which they were entitled under California law.  Even though Plaintiffs and members of the Rest Period Class worked shifts greater than three and one-half hours but less than four hours, and worked shifts greater than six hours but less than eight hours, and worked shifts greater than ten hours but less than twelve hours, Plaintiffs and members of the Rest Period Class were deprived of all of the rest periods that they were entitled to as a result of Defendants' class-wide rest period policy. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiffs and the Rest Period Class at their respective regular rates of pay.

45.    The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiffs and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FOURTH CLAIM
### MEAL PERIOD VIOLATIONS
### (AGAINST ALL DEFENDANTS)

46.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 as though fully set forth herein.

Class, Collective and Representative Action Complaint

47.     Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiffs and members of the Meal Period Class, with proper meal periods in accordance with the mandates of the California Labor Code and IWC Wage Order 5-2001.  As such, Defendants are responsible for paying premium pay at the employees' respective regular rate of pay for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and IWC Wage Order No. 5-2001.

48.     Plaintiffs and members of the Meal Period Class worked in excess of 10 and/or 15 hours per work day and accordingly had a right to take all of the legally-compliant meal periods they were entitled to receive each work day under California law, but were not provided with a second legally complaint meal period.

49.     Defendants owe each affected employee 1 hour of pay at the employee's respective regular rate of pay for each instance that a legally compliant meal period was not provided.

50.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to pay Plaintiffs and members of the Meal Period Class the premium pay required in Labor Code § 226.7 and IWC Wage Order 5-2001 when they were not provided with a legally-compliant meal period, and in those instances where Defendants did make a purported meal period premium payment, such meal period premium was not paid at the employees' regular rate of pay due to Defendants' miscalculation of the regular rate.  As a result, Defendants owe Plaintiffs and members of the Meal Period Class additional compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 5-2001, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

///

///

Class, Collective and Representative Action Complaint

### FIFTH CLAIM
## WAGE STATEMENT VIOLATIONS
### (AGAINST ALL DEFENDANTS)

51.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 50 as though fully set forth herein.

52.     Plaintiffs are informed and believe, and based thereon allege that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish them and members of the Wage Statement Class with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, rest period premiums, meal period premiums, and total net wages earned, in violation of Labor Code § 226.

53.     Defendants' failure to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime wages, rest and meal period premiums, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

54.     Defendants' failures creates an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

### SIXTH CLAIM
## WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

Class, Collective and Representative Action Complaint

56.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

57.     Defendants failed to timely pay Plaintiffs all of their final wages at the time of termination which includes, among other things, underpaid overtime and rest and meal period premiums.  Further, Plaintiffs are informed and believe, and based thereon allege, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

58.     Defendants' wilful failure to timely pay Plaintiffs and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

**SEVENTH CLAIM**

**FAILURE TO MAINTAIN ACCURATE RECORDS**

**(AGAINST ALL DEFENDANTS)**

59.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 as though fully set forth herein.

20

60.     California Labor Code § 1174 requires California employers to keep records showing the names and addresses of all employees employed, and to keep at a central location in the State of California or at the plants or establishments which employees are employed, payroll records showing the hours worked daily by and the wages paid to all employees employed at the respective plants or establishments.  IWC Wage Order No. 5, § 7(A)(3) further requires employers to keep accurate time records showing when the employee begins and ends each work period.  Under § 7(A)(5), employers must also record each employee's total hours worked and applicable rates of pay, and must make such information "readily available" to the employee upon request.

61.     Defendants' policies and/or practices of failing to correctly calculate the regular rate of pay for the California Overtime Class, failing to pay rest and meal period premiums for the Rest and Meal Period Classes, and failing to include all required information on the wage statements of the Wage Statement Class, have caused these individuals to suffer and they will continue to suffer actual economic harm from the violations set forth above, as they have been, and will continue to be, precluded from accurately monitoring the wages to which they are entitled, have been required to retain counsel and other experts or consults to evaluate and calculate unpaid wages, and have suffered delays in receiving the wages and interest that are due and owing to them.  Defendants' ongoing violations of the aforementioned recordkeeping laws have caused and will continue to cause, irreparable harm to Plaintiffs and members of the above classes because as long as Defendants fail to maintain required records, these individuals will be unable to determine or demonstrate the precise number of hours actually worked, unpaid wages and penalties owed to them.

62.     By willfully failing to maintain the records required by California Labor Code § 1174(c), or accurate and complete records required by § 1174(d),

1   Defendants are also liable for a civil penalty of $500 for each violation under §

2   1174.5.

3   ## EIGHTH CLAIM

4   ## UNFAIR COMPETITION

5   ## (AGAINST ALL DEFENDANTS)

6        63.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through

7   62 as though fully set forth herein.

8        64.    Defendants have engaged and continue to engage in unfair and/or

9   unlawful business practices in California in violation of California Business and

10  Professions Code § 17200 et seq., by: (a) failing to pay Plaintiffs and members of

11  the California Overtime Class all overtime wages owed due to miscalculation of

12  the regular rate; (b) knowingly failing to furnish Plaintiffs and members of the

13  Wage Statement Class with accurate and complete wage statements in violation of

14  Labor Code § 226; (c) willfully failing to timely pay Plaintiffs and members of the

15  Waiting Time Class all final wages upon termination of employment; (d) failing to

16  keep accurate records of the time worked and applicable hourly rates for Plaintiffs

17  and members of the Record Keeping Class; (f) failing to pay the Rest Period Class

18  rest period premiums at the employee's regular rate of pay when a rest period was

19  not provided; (g) failing to pay the Meal Period Class meal period premiums at the

20  employee's regular rate of pay when a rest period was not provided; and (h)

21  failing to reimburse the Employee Expense Class for scrubs, fingerprinting fees

22  and other expenses reasonably incurred in discharging their job duties.

23       65.    Defendants' utilization of these unfair and/or unlawful business

24  practices deprived Plaintiffs and continues to deprive members of the classes of

25  compensation to which they are legally entitled, constitutes unfair and/or unlawful

26  competition, and provides an unfair advantage over Defendants' competitors who

Class, Collective and Representative Action Complaint

have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

66.     Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs for themselves and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

67.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

68.     Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution, to secure injunctive relief on behalf of Defendants' current hourly non-exempt employees, and to enforce important rights affecting the public interest.  Plaintiffs thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

<u>**NINTH CLAIM**</u>

**FAILURE TO REIMBURSE EMPLOYEES FOR NECESSARY EXPENDITURES**

**(AGAINST ALL DEFENDANTS)**

69.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 68 as though fully set forth herein.

70.     Based on information and belief, Defendants required Plaintiffs and members of the Employee Expense Class to purchase scrubs and/or work uniforms.  Plaintiffs were also charged a fee for fingerprinting deductions.  Although Plaintiffs and members of the Employee Expense Class did not earn more than twice the minimum wage during the four years preceding the filing of the Complaint, Defendants did not reimburse them for these expenses.

71.    At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or obedience to the directions of the employer."

72.    At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

73.    As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, and Wage Order 5-2001, § 9, Plaintiffs and members of the Employee Expense Class were damaged in sums, which will be shown according to proof.

74.    Plaintiffs and members of the Employee Expense Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

75.    Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions.  Thus, Plaintiffs and members of the Employee Expense Class are entitled to interest, which shall accrue from the date on which they incurred the necessary expenditure.

## TENTH CLAIM

### PRIVATE ATTORNEYS GENERAL ACT

### (AGAINST ALL DEFENDANTS)

76.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 75 as though fully set forth herein.

Class, Collective and Representative Action Complaint

77.    Defendants have committed several Labor Code violations against Plaintiffs, members of the Classes, and other similarly aggrieved employees.

78.    Plaintiffs, each an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of themselves and other similarly aggrieved employees, bring this representative action against Defendants to recover the civil penalties due to Plaintiffs, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)    Failing to pay Plaintiffs, the Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, and 1198 *et seq.*;

(b)    Failing to furnish Plaintiffs, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

(c)    Failing to timely pay all final wages and compensation earned by Plaintiffs, the Waiting Time Class, and other similarly aggrieved employees at the time of termination in violation of Labor Code §§ 201 – 203;

(d)    Failing to maintain accurate records on behalf of Plaintiffs and members of the Record Keeping Class in violation of Labor Code § 1174;

(e)    Failing to pay rest and meal period premiums to Plaintiffs and members of the Rest and Meal Period Classes at the regular rate of pay in violation of Labor Code §§ 226.7, 512, 516, and 558;

(f)    Failing to reimburse Plaintiffs, the Employee Expense Class, and other similarly aggrieved employees for the purchase of scrubs and other reasonable and necessary work expenditures in violation of Labor Code § 2802.

Class, Collective and Representative Action Complaint

79.     On or about March 29, 2013, Plaintiffs notified Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code identified in Paragraph 78 (a)-(f), and Plaintiffs' intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.* Once thirty-three days have passed from Plaintiffs notifying Defendants and the LWDA via certified mail of their intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.*, Plaintiffs will seek leave to amend in order to allege exhaustion of the administrative requirements for bringing a claim under PAGA.

80.     Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests, that of the members of the classes, and other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants.  Plaintiffs have thereby incurred attorneys' fees and costs, which they are entitled to recover under California Labor Code § 2699.

## PRAYER

WHEREFORE, Plaintiffs prays for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiffs as representatives of the Classes;

3. For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

Class, Collective and Representative Action Complaint

6.  Upon the Third Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

7.  Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

8.  Upon the Fifth Claim, for statutory penalties pursuant to Labor Code § 226;

9.  Upon the Sixth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

10. Upon the Seventh Claim, for civil penalties pursuant to Labor Code §§ 1174 and 1174.5;

11. Upon the Eighth Claim, for injunctive relief and restitution to Plaintiffs and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

12. Upon the Ninth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 2802 and 2804;

13. Upon the Tenth Claim, for civil penalties due to Plaintiffs, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount sufficient to recover the unpaid wages and; (2) $100.00 for each initial violation and $200 for

Class, Collective and Representative Action Complaint

each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5;

14. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

15. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, 2698 *et seq.*, 2802, and Code of Civil Procedure § 1021.5.

16. For such other and further relief the Court may deem just and proper.

Respectfully submitted,

Dated:  March 27, 2013            BALTODANO & BALTODANO LLP


By: _____
Hernaldo J. Baltodano
Attorneys for Plaintiffs, the Classes and
Aggrieved Employees

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.


Dated:  March 27, 2013            BALTODANO & BALTODANO LLP


By: _____
Hernaldo J. Baltodano
Attorneys for Plaintiffs, the Classes and
Aggrieved Employees

Class, Collective and Representative Action Complaint

## CONSENT OF PLAINTIFF MARLYS JEAN TACKER
### RE CONSENT TO SUE

I, Marlys Jean Tacker, declare:

1.      I am a Plaintiff in the above-captioned action.  The following is of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      I hereby consent to be joined in this suit against Compass Health, Inc., and DOES 1 to 10 under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq.*, for unpaid overtime wages and other relief available under the Act.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 19 , 2013 in San Luis Obispo, California.


*Marly Jacker*
Marlys Jean Tacker

Class, Collective and Representative Action Complaint

## CONSENT OF PLAINTIFF JENNY GONZALEZ
## RE CONSENT TO SUE

I, Jenny Gonzalez, declare:

1.     I am a Plaintiff in the above-captioned action.  The following is of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.     I hereby consent to be joined in this suit against Compass Health, Inc., and DOES 1 to 10 under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq.*, for unpaid overtime wages and other relief available under the Act.

3.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 20, 2013 in San Luis Obispo, California.



_____
Jenny Gonzalez

Class, Collective and Representative Action Complaint