# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLYS JEAN TACKER and JENNY GONZALEZ as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS HEALTH, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendant. | CASE NO. CV 13-2261 BRO (JCGx)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Beverly Reid O'Connell<br>Date:  May 12, 2014<br>Time:  1:30 p.m.<br>Dept.:  14 |

This matter came on for hearing on Monday, May 12, 2014, at 1:30 p.m., in Courtroom 14 of the United States District Court for the Central District of California before the Honorable Beverly Reid O'Connell.  Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing thereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.   The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representatives, Defendant Compass Health, Inc. (collectively "Compass" or "Defendant"), and all members of the Settlement Class, which is defined as follows:

> All current and former hourly non-exempt employees in California, who were employed by Compass Health, Inc. from March 29, 2009 until January 6, 2014.

2.   The term Settlement Agreement shall refer to the Joint Stipulation of Class Action Settlement and Release filed by the Class Representatives in the Action in connection with their motion for preliminary approval, and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

3.   The Court grants final approval of the Parties' Settlement Agreement because it meets the criteria for final settlement approval.  The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to

be the product of arm's-length and informed negotiations, and treats all members of the Settlement Class fairly.

4. The Court finds that the distribution by U.S. first-class mail of the Class Notice and Claim Form constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed members of the Settlement Class of the terms of the settlement, their right to claim a share of the settlement proceeds, their right to object to the settlement or Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representatives' Incentive Payments, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the settlement and Class Counsel's motion for Attorneys' Fees and Costs and the Class Representatives' Incentive Payments. Adequate periods of time were provided by each of these procedures. No members of the Settlement Class objected to the Settlement Agreement or Class Counsel's motion for Attorneys' Fees and Costs and the Class Representatives' Incentive Payments, and only two Settlement Class members (less than 0.08%) opted out of the Settlement.

5. The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a), 23(b)(3) and 29 U.S.C. § 216(b). Accordingly, solely for purposes of effectuating this settlement, this Court has certified the Settlement Class, as defined above. Because the Settlement Class is being certified here for settlement purposes only,

the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6. The Court approves the settlement of the Action, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representatives, and Defendant (collectively the "Settling Parties"). The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. Except as to any individual member of the Settlement Class who has validly and timely opted out of the settlement, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representatives and the members of the Settlement Classes. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

8. By this Judgment, the Class Representatives, release Defendant from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that may have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of Defendant committed or omitted prior to the execution hereof. Named Plaintiffs stipulate and agree that they have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other provision under federal or state law, which provides: "A General release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

9. By this Judgment, regardless of whether they have submitted a timely Claim Form, all Class Representatives and Settlement Class Members, other than those who submitted timely and valid Opt-Out Letters (collectively, "Releasing Settlement Class Members"), do hereby irrevocably release, acquit, and forever discharge Defendant from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs (other than those costs required to be paid pursuant to the Settlement Agreement), liens, charges, complaints, causes of action, obligations or liability of any and every kind, including but not limited to any such claims that were alleged or litigated in the Litigation or could have been litigated in the Litigation against Defendant, including but not limited to those arising under the Fair Labor Standards Act, California Labor Code Sections 201, 202, 203, 204, 204(b), 210, 215, 226, 226.6, 226.7, 510, 512, 516, 558, 1174, 1174.5, 1194, 1198, 1199, 2802, and civil penalties under the Private Attorney's General Act 2698-2699.5, Wage Order 5-2001, any other applicable Wage Order, and Business and Professions Code Sections 17200, et seq.  The claims released under this paragraph ("Released Claims") shall include, but not necessarily be limited to, claims for unpaid wages, unpaid overtime wages, claims for failure to include bonuses in the regular rate of pay, failure to pay all wages earned every pay period, failure to provide meal or rest periods, unpaid premiums for missed meal or rest periods, untimely payment of wages, inaccurate wage statements, record keeping violations, failure to pay all wages owed upon termination, failure to reimburse employees for necessary expenditures, unfair competition, as well as any damages, restitution, disgorgement, civil penalties, statutory penalties, taxes, interest or attorneys' fees resulting therefrom.

10. By this Judgment, the Releasing Settlement Class Members and Class Counsel shall be deemed to have released all claims for attorneys' fees and costs incurred in connection with the Litigation and the Settlement of the Litigation.

11. The Action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and all other members of the Settlement Class (other than those members of the Settlement Class who timely and validly opted out of the settlement) from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representatives, the Settlement Class, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

12. The Court finds that the plan of allocation for the shares of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable and that distribution of the Net Settlement Amount to the Settlement Class shall be done in accordance with the terms outlined in the Class Notice and Settlement Agreement.

13. The Court hereby orders the appointment of Marlys Jean Tacker and Jenny Gonzalez as Class Representatives for the Settlement Class for purposes of settlement.

14. The Court hereby orders the appointment of Hernaldo J. Baltodano of Baltodano & Baltodano LLP and Paul K. Haines of Boren, Osher & Luftman LLP as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

15. Defendant has agreed for the Claims Administrator to pay from the Maximum Settlement Amount: (i) the Claims Administrator its reasonable fees for its services; (ii) the PAGA Penalty Payment to the LWDA; and (iii) Incentive Payments to the Class Representatives to reimburse them for their valuable services to the Settlement Class. The Court hereby approves the payment of settlement administration costs in the amount of $29,500 to CPT Group, Inc., the

Claims Administrator, for services rendered in this matter. The Court hereby approves the payment of the PAGA Penalty to the LWDA in the amount of $10,000. The Court also approves the Incentive Payments to the Class Representatives in the amount of $5,000 each, to reimburse the Class Representatives for their valuable services in initiating and maintaining this litigation. The Court finds that these payments are fair and reasonable. The Claims Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

16. The Court hereby awards to Class Counsel the amount of $330,000 for attorneys' fees and the amount of $20,000 for costs, **less $593.33 for meals to class counsel**. Based on Plaintiffs' Motion for Attorney's Fees and Costs and Class Representatives' Incentive Payments, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, that their efforts resulted in a substantial monetary recovery for the Settlement Class, and that the requested attorneys' fees awarded are reasonable after comparing the lodestar calculation. The Court finds this payment to be fair and reasonable. The Claims Administrator is ordered to wire these funds to Class Counsel in accordance with the terms of the Settlement Agreement.

17. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: May 14, 2014  _____
HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE